**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| ANGEL RAFAEL ROMERO GUILLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:26-CV-10-CMS |
| ) | |
| ANDREW JOHNSON, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Angel Rafael Romero Guillen's Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner, a citizen of Venezuela, has lived in the United States for two years, but has never been lawfully admitted into the country. *Id.* ¶¶ 15, 42. He is currently detained awaiting immigration proceedings. *Id.* ¶¶ 43–44. Petitioner asks the Court to order Respondents to either release him or give him an individualized bond hearing, in addition to other relief. *Id.* at 14–15. Because 8 U.S.C. § 1225 requires detention of Petitioner without bond pending his immigration proceedings and mandatory detention under 8 U.S.C. § 1225 does not violate his right to due process, the Court denies his petition for a writ of habeas corpus.

**BACKGROUND**

**I.      Factual Background**

The facts of this matter are not in dispute. Petitioner is neither a citizen nor a national of the United States but is a citizen of Venezuela. (Doc. 1 ¶ 15). He entered the United States without inspection in 2023 and has lived in the United States ever since. *Id.* ¶ 42. Immigration and Customs Enforcement detained Petitioner on December 3, 2025, and he is now in custody at

the Ste. Genevieve County Detention Center awaiting immigration proceedings. *Id.* ¶ 43. Among other things, Petitioner is charged with "having entered the United States without admission or inspection." *Id.* ¶¶ 2, 44. Respondents are government officials who are either involved with Petitioner's detention or are "responsible for the implementation and enforcement" of immigration laws more generally. *Id.* ¶¶ 16–21.

## II.   Procedural Background

Petitioner filed his petition for writ of habeas corpus on January 12, 2026. (Doc. 1).[1] Petitioner claims that his detention violates the Immigration and Nationality Act and his constitutional right to due process under the Fifth Amendment. *Id.* at 13–14. He requests the Court:

> a. Assume jurisdiction over this matter; b. Order that Petitioner shall not be transferred outside the Eastern District of Missouri while this habeas petition is pending; c. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days; d. Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or . . . provide Petitioner with a bond hearing . . . within five days; e. Declare that Petitioner's detention in unlawful; f. Award Petitioner attorney's fees and costs . . . ; and g. Grant any other and further relief [the] Court deems just and proper.

*Id.* at 14–15. Respondents filed a response to Petitioner's petition on February 4, 2026. (Doc. 12). Petitioner did not file a reply.

## DISCUSSION

The parties disagree over which section of Title 8 governs petitioner's case, Section 1225(b)(2) or Section 1226(a). *Id.* ¶¶ 22–41; (Doc. 12 at 4–6). If Section 1225(b)(2) governs, then Respondents must detain Petitioner without bond. If Section 1226(a) governs, then an individualized bond hearing may be permitted in some circumstances. Because Section

---

[1] In a previous order issued on January 29, 2026, the Court ordered Petitioner to "either pay the $5.00 filing fee or submit a motion to proceed in forma pauperis, within thirty (30) days of the date of [the] [o]rder." (Doc. 6 at 1). The Court has since confirmed that Petitioner paid the required filing fee.

1225(b)(2) governs the instant matter and petitioner's detention does not violate his due process rights, the Court must deny Petitioner's petition for a writ of habeas corpus.

I.  **8 U.S.C. § 1225(b)(2) Applies to Petitioner.**

"[H]abeas is at its core a remedy for unlawful executive detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (quotation omitted). While Petitioner requests multiple forms of relief, his petition, at its core, is a request for the Court to order his release or compel Respondents to provide him an individualized bond hearing under the framework of 8 U.S.C. § 1226(a). *See* (Doc. 1 at 15). The dispositive question here is whether Section 1225(b)(2) or Section 1226(a) governs Petitioner's detention. While the latter section generally permits bond, the former does not: "aliens falling within the scope of § 1225(b)(2) 'shall be detained for a [removal] proceeding.'" *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (quoting 8 U.S.C. § 1225(b)(2)) (alteration in original).

Petitioner argues that Section 1226(a) applies in this case. That section provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a), and permits the Attorney General to release the alien on bond, *see Jennings*, 583 U.S. at 303.

Respondents, in turn, argue that Section 1225(b)(2) controls. (Doc. 12 at 4–6). That section requires that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). "Read most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.

This Court already has decided this question in three previous cases with nearly identical facts, *Negrete Ramirez v. Noem*, 2026 WL 251725, at *4 (E.D. Mo. Jan. 30, 2026), *Zhuang v. Bondi*, 2026 WL 352872, at *4–5 (E.D. Mo. Feb. 9, 2026), *Enriquez Pineda, v. Noem*, 2026 WL 496680, at *2–3 (E.D. Mo. Feb. 23, 2026); *see also Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (Divine, J.); *Suarez v. Noem*, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025) (Divine, J.); *Cutiopala v. Noem*, 2026 WL 113567 (E.D. Mo. Jan. 15, 2026) (Lanahan, J.); *Bushuev v. Imm. & Customs Enforcement*, 2026 WL 352873 (E.D. Mo. Feb. 9, 2026) (Lanahan, J.). The Fifth Circuit has similarly held that Section 1225(b)(2) applies in these circumstances. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Court adopts its prior reasoning and finds the Fifth Circuit's decision persuasive. Therefore, this Court holds that Section 1225(b)(2) applies to Petitioner as an "applicant for admission," and he must be detained pending removal proceedings.

**II.    Petitioner's Detention Does Not Violate the Fifth Amendment.**

Petitioner also argues that his detention without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. (Doc. 1 ¶¶ 52–55). The Court already has analyzed this claim as well and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See Negrete Ramirez*, 2026 WL 251725, at *4–5 (citing *Demore v. Kim*, 538 U.S. 510, 527–28 (2003)). Thus, Respondents have not denied Petitioner due process by detaining him without a bond hearing pending removal proceedings.

## CONCLUSION

Petitioner Angel Rafael Romero Guillen's detention is mandated by Section 1225(b)(2) and does not violate the Due Process Clause of the Fifth Amendment. He is lawfully detained pending removal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DENIED**.

Dated this 4th day of March 2026.

_____
**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**